Cecil O. BYNUM, Petitioner–Appellant,

v.

Walter L. KAUTZKY, Executive Director, Colorado Department of Corrections, Respondent–Appellee.

No. 88SA359.

Supreme Court of Colorado,
En Banc.

Dec. 4, 1989.

David F. Vela, Colorado State Public Defender, and Janet Fullmer Youtz, Deputy State Public Defender, Denver, and Kenneth M. Plotz, Deputy State Public Defender, Salida, for petitioner-appellant.

Duane Woodard, Colorado Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Terrence A. Gillespie, Asst. Atty. Gen., Human Resources Section, Denver, for respondent-appellee.

Justice MULLARKEY delivered the Opinion of the Court.

This is an appeal of a denial of a petition for writ of habeas corpus and we have jurisdiction of this appeal pursuant to section 13–4–102(1)(e), 6A C.R.S. (1987). The appellant, Cecil O. Bynum, sought his unconditional release from the custody of the Department of Corrections (the Department), arguing that the plain meaning of the statutes governing parole and sentencing precludes the reincarceration of an inmate whose time actually served, together with vested good time and earned time credits, equals the sentence originally imposed. The district court disagreed with Bynum's interpretation of those statutes finding that he could be reincarcerated for a violation of his parole. We affirm the decision of the district court.

I.

On December 8, 1983, Bynum was sentenced in Arapahoe County District Court to a term of eight years and one day plus one year of parole, following his conviction for aggravated robbery, a class 3 felony, which he committed on October 13, 1983. Bynum was given 56 days credit for pre-sentence confinement and 56 days good time credit on that confinement, and both credits were deducted from his sentence. On October 1, 1987, Bynum was released on mandatory parole. On February 5, 1988, his parole was revoked and he was returned to the custody of the Department of Corrections for a period of two years. According to the calculations of the Department of Corrections, Bynum became eligible for re-parole on March 12, 1989, and, absent unsuccessful completion of his parole, he will be statutorily discharged from the custody of the Department on March 7, 1992.

## II.

### A.

The relevant statutes make an inmate who is incarcerated in the state prison system eligible for two types of time deductions from his sentence. The first is "good time" which rewards the inmate who substantially observes the rules and regulations of the facility in which he is confined and who faithfully performs his assigned duties. § 17–22.5–301(1), 8A C.R.S. (1986). The second is "earned time" which is provided if the inmate makes substantial progress in matters such as work and training. § 17–22.5–302(1), 8A C.R.S. (1986). Fifteen days per one month period may be deducted from an inmate's sentence for good time. For persons such as Bynum, sentenced for a crime committed on or after July 1, 1981, but before July 1, 1985, no more than ninety days of good time credit may be withheld by the Department in any six-month period of sentence. § 17–22.5–301(2), 8A C.R.S. (1986). Up to an additional thirty days earned time credits per six months of incarceration may also be granted. § 17–22.5–302(1), 8A C.R.S. (1986).

In the case now before us, Bynum had accrued sufficient good time and earned time credits against his eight year and one day sentence so that he was paroled on October 1, 1987. Bynum, however, did not successfully complete his parole and was reincarcerated on February 5, 1988. He now contends that the good time and earned time credits which he accumulated prior to being paroled should be credited against his sentence. If his theory is correct, then he is entitled to be released immediately from the custody of the Department.

In arguing that his accrued good time and earned time credits preclude further reincarceration, Bynum considers several statutes in combination. First, he points to section 16–11–310, 8A C.R.S. (1986), which provides:

> 16–11–310. **Release from incarceration.** Except as provided in section 7 of article IV of the state constitution relating to the power of the governor to grant reprieves and pardons, an incarcerated person *shall be unconditionally released and discharged upon the expiration of his sentence, less the deductions authorized in article 22.5 of title 17, C.R.S.*[1]

(Emphasis added.)

Article 22.5 of title 17 is entitled "Inmate and Parole Time Computation." Part 3 of article 22.5 of title 17 governs the awarding of the good time and earned time credits which, pursuant to that article, may be given to prisoners who are serving time for crimes committed on or after July 1, 1979. Depending upon when the crime in question was committed, the good time and the earned time credits may or may not "vest," and thereby become irrevocable for certain purposes by the Department.[2]

In urging that this court order his release from the custody of the Department, the appellant argues that both his good time and his earned time credits have "vested" and may not be withdrawn so as to allow his reincarceration for a parole violation. His argument that his good time has vested is based on section 17–22.5–301, 8A C.R.S. (1986), which in relevant part states:

> **Good time.** (1) Each person sentenced for a crime committed on or after July 1, 1979, but before July 1, 1981, whose conduct indicates that he has substantially observed all of the rules and regulations of the institution or facility in which he has been confined and has faithfully performed the duties assigned to him shall be entitled to a good time deduction of fifteen days a month from his sentence. The good time authorized by this section *shall vest* quarterly and *may not be withdrawn once it has vested.* No more

---

1. Section 16–11–310 was repealed by the legislature effective July 1, 1988. Ch. 124, § 25, 1988 Colo.Sess.Laws 707, 715.

2. For inmates sentenced for crimes committed on or after July 1, 1985, good time and earned

time credits do not vest. § 17–22.5–301(3), 8A C.R.S. (1986); *Renneke v. Kautzky,* 782 P.2d 343 (Colo.1989).

than forty-five days of good time may be withheld by the department in any three-month period of sentence.

(2) Each person sentenced for a crime committed on or after July 1, 1981, but before July 1, 1985, shall be subject to all the provisions of this part 3; except that the good time authorized by this section *shall vest semiannually* and no more than ninety days of good time may be withheld by the department in any six-month period of sentence.

(Emphasis added.)

Second, he argues that section 17–22.5–302(3), 8A C.R.S. (1986), "vests" his earned time. That section states, in relevant part:

> For each inmate sentenced for a crime committed on or after July 1, 1979, but before July 1, 1985, the department shall review the performance record of the inmate and shall grant, consistent with the provisions of this section, an earned time deduction from the sentence imposed.... *The earned time deduction authorized by this section shall vest upon being granted and may not be withdrawn once it is granted.*

(Emphasis added.)

Finally, the appellant relies on section 17–22.5–303(2), 8A C.R.S. (1986), which provides in relevant part:

> As to any person sentenced for a class 2, class 3, class 4, or class 5 felony committed on or after July 1, 1981, and before July 1, 1984, the division of adult services shall provide a one-year period of parole supervision and assistance in securing employment, housing, and such other services as may effect the successful reintegration of such offender into the community while recognizing the need for public safety.... Upon a determination that the conditions of parole have been violated in [a] parole revocation proceeding, the state board of parole shall continue the parole in effect, modify the conditions of parole if circumstances then shown to exist require such modifications, or revoke the parole and order the return of the offender to the institution in which he was originally received for a period of not more than two years; *but in no event shall any period of reincarceration, subsequent term of parole, and sentence actually served exceed the sentence imposed pursuant to section 18–1–105, C.R.S.* The good time deduction authorized by section 17–22.5–301 shall apply to periods of reincarceration provided for in this section.

(Emphasis added.)

The appellant reasons that because sections 16–11–310, 17–22.5–301(2), and 17–22.-5–302(3) require that good time and earned time credits be deducted from a prisoner's "sentence" in determining the date of the prisoner's release, and because those sections provide that once vested the credits accrued cannot be withdrawn, the parole provision of section 17–22.5–303(2) precludes the reincarceration of the appellant. According to the appellant, such reincarceration would violate section 17–22.5–303(2) by requiring the appellant to serve beyond the period of his "sentence." This conclusion follows, we are told, because "sentence" in section 17–22.5–303(2) means "sentence" after taking into account the "vested" good time and earned time credits which were deducted from the original sentence thereby permitting the defendant's early release. The trial court rejected the appellant's interpretation of these statutes, finding that such an interpretation would "wipe out the operation of parole."

Although the interrelationship of these sections admittedly is unclear and not facially apparent, we also reject Bynum's interpretation as being inconsistent with the statutory scheme of parole.

**B.**

■ In questions of statutory interpretation, the most critical guide to this court is the intent of the legislature in enacting the statute. *People v. Guenther,* 740 P.2d 971 (Colo.1987). Statutes must be construed to further the intent of the legislature as evidenced by an entire statutory scheme. *Martinez v. Continental Enters.,* 730 P.2d 308 (Colo.1986). In determining the intent of the legislature, it is useful to consider the history of the statute. *Industrial Comm'n v. Milka,* 159 Colo. 114, 410 P.2d

181 (Colo.1966). If possible, we must try to reconcile statutes governing the same subject. *Department of Revenue, Motor Vehicle Div. v. Borquez,* 751 P.2d 639 (Colo. 1988).

■ The parole schemes here at issue have undergone numerous revisions and other changes over the past twelve years. Our review of the history of these revisions leads us to conclude that the district court was correct in finding that sections 16–11–310, 17–22.5–301(2), 17–22.5–302(3), and 17–22.5–303(2) do not preclude the reincarceration of a person for violating his parole even though his time served, together with his good time and earned time credits accrued, equal or exceed the length of the sentence originally imposed.

We reach this decision based on several considerations. First, with respect to section 16–11–310, we note that it was originally enacted in 1977. At that time section 16–11–310 did not stand in isolation as it does today. Instead, included in that section were the "good time" and "earned time" provisions which, in an altered form, are now located in sections 17–22.5–301 to –302. Thus, in the same act in which the legislature adopted the requirement that "an incarcerated person shall be unconditionally released and discharged upon the expiration of his sentence, less the good time deduction authorized by this section," Ch. 216, § 12, § 16–11–310(1), 1977 Colo. Sess. Laws 861, 865, the legislature also established the following parole scheme then codified in section 16–11–310(5) which provided in relevant part:

> As to any person sentenced for a crime committed on or after July 1, 1978, and as to any person sentenced for a crime

committed prior to July 1, 1978, who elects to be released and discharged pursuant to this section, the division of parole shall provide a period of parole supervision.... Upon a determination that the provisions of parole have been violated in any such parole revocation proceeding, the parole board shall order the return of the offender to the institution to which he was originally received for a period of six months.

Ch. 216, § 12, § 16–11–310(5), 1977 Colo. Sess.Laws 861, 866.

When we consider section 16–11–310 as it originally read, it becomes clear that the legislature did not intend that the unconditional release provision of section 16–11–310 should be interpreted so as to preclude the reincarceration of a person who has violated his parole. On the contrary, subsection (5) of section 16–11–310, as it was originally enacted, clearly contemplated such reincarceration.

Although the legislature subsequently revised and relocated the good time, earned time, and parole provisions originally included in section 16–11–310, eventually moving them to their present location in the statutes at sections 17–22.5–301 to –303, we see nothing in those revisions which would indicate that section 16–11–310 was meant to render inoperative the section 17–22.5–303(2) provision allowing reincarceration for a parole violation.[3] Such an interpretation of section 16–11–310 is unjustified, particularly when it would severely undermine the ability of the parole system to "effect the successful reintegration of [former inmates] into the community while recognizing the need for public

---

3. In 1979 section 16–11–310 was repealed and reenacted so as to delete all of the provisions except those now present in that statute. Ch. 157, § 10, § 16–11–310, 1979 Colo.Sess.Laws 664, 666. At the same time, provisions regarding parole as well as "good time" and "earned time" were shifted to section 17–22.5–101 to –103. Ch. 157, § 14, § 17–22.5–101 to –103, 1979 Colo.Sess.Laws 664, 667–68. Additional changes were made in the parole provision in 1981, Ch. 197, § 3, § 17–22.5–103, 1981 Colo. Sess.Laws 941, 943, and in 1984. In 1984 the good time, earned time and parole provisions were shifted to their present location in the

statutes at section 17–22.5–301 to –303. Ch. 126, § 1, § 17–22.5–301 to –303, 1984 Colo.Sess.Laws 517, 520–23. Further changes were made in the parole provisions in 1985, Ch. 142, § 10, § 17–22.5–303, 1985 Colo.Sess.Laws 633, 641, and in 1987, Ch. 125, § 10, § 17–22.5–302 to –303, 1987 Colo.Sess.Laws 650, 654–55. There is no indication that any of the changes were intended to alter the original relationship between section 16–11–310 and the parole provisions. Most of the changes involved alterations in the time of reincarceration after a parole violation.

safety...." § 17–22.5–303(1), 8A C.R.S. (1986).

Further, we find that the earned time and good time provisions of sections 17–22.5–301 to –302 themselves do not preclude the reincarceration of an inmate for violation of his parole. Clearly, these sections, together with section 16–11–310, were only intended to establish the mandatory date of release on parole. Thus, we hold that, with respect to parole, the good time and earned time credits "vest" only for the purpose of determining parole eligibility, not for purposes of determining whether reincarceration is possible once a former inmate has violated his parole. Appellant's petition for a writ of habeas corpus was properly denied.

We affirm the judgment of the district court.