**Michael DEASON, Petitioner–Appellant,**

**v.**

**Walter KAUTZKY, et al., Executive Director, Colorado Department of Corrections, Respondents–Appellees.**

**No. 89SA35.**

Supreme Court of Colorado, En Banc.

Feb. 12, 1990.

---

**6.** Section 13–45–101, 6A C.R.S. (1987), provides that "the court to which the application is made shall forthwith award the writ of habeas corpus, unless it appears from the petition itself, or

from the documents annexed, that the party can neither be discharged nor admitted to bail nor in any other manner relieved."

Michael Deason, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert C. Ripple, Asst. Atty. Gen., Denver, for respondents-appellees.

Justice ERICKSON delivered the Opinion of the Court.

Petitioner–Appellant Michael Deason appeals the trial court's order dismissing his petition for a writ of habeas corpus.[1] We affirm.

Deason was originally sentenced to a term of four years in the custody of the Department of Corrections (D.O.C.) and was ultimately placed in a community corrections facility. On October 6, 1988, Deason was removed from the community corrections facility and placed in the Denver County jail pending disposition of charges that he violated a D.O.C. regulation prohibiting unauthorized association of a community corrections inmate with a convicted felon.[2] On October 20, while in the county jail, Deason was served with a D.O.C. notice of two charges that he associated with

---

1. We have jurisdiction over appeals from habeas corpus proceedings. *See* § 13–4–102(1), 6A C.R.S. (1987).

2. The Code of Penal Discipline, D.O.C. regulation 203–1(6)(b)(i)(18) (1984) provides:

   **Association**—an inmate commits this offense when he, while at a community placement facility, associates outside the facility, with a person he knows or has reason to know is a convicted felon other than for employment or family purposes, without first obtaining permission of appropriate individual(s) employed by or under contract with the Department of Corrections.

a convicted felon. The notice of charges summarized the factual basis for the two charges and the date of the alleged violations. Deason asserts that the notice was incomplete because (1) it failed to state the time of the alleged violations, (2) it did not list the witness the D.O.C. intended to call at the disciplinary hearing, and (3) the D.O.C. failed to attach copies of evidentiary documents relating to the charges.[3]

On the morning of October 24, 1988, prior to the disciplinary hearing, Deason obtained the assistance of a community corrections staff representative. At the hearing, the D.O.C. representative orally amended the notice of charges to add the times and particulars of the alleged violations.[4] The hearing officer then offered Deason a twenty-four hour continuance so that he could prepare a defense to the charges. Deason rejected the continuance, and was found guilty of the two counts of association with a convicted felon. As a result of the violations, Deason was sentenced to ten days of punitive segregation and forfeited ten days of good time credit. The hearing officer's order was affirmed by the D.O.C. Deason was reclassified and his custody level was changed from community corrections to close custody. He was reassigned to a close security facility.

Deason petitioned for habeas corpus alleging that the D.O.C. failed to comply with the notice provisions of the Code of Penal Discipline and deprived him of his constitutional rights to due process of the law.[5] He sought return to the community corrections program with restoration of privileges and good time credit that he lost as a result of the disciplinary action and the resulting reclassification. The trial court dismissed the petition for habeas corpus for failure to state a claim upon which relief could be granted and because matters of classification and placement are not be interfered with by the courts in the absence of a showing of a clear constitutional violation. Deason appealed.

■■■ Under the Habeas Corpus Act, section 13–45–101 to –119, C.R.S. (1987), a habeas corpus proceeding cannot be used to review allegedly improper withholding of good time credits as a penalty in a prison disciplinary hearing. *Kodama v. Johnson*, 786 P.2d 417, 419–420 (Colo.1990). In addition, an inmate does not have a constitutional right to a particular custody classification and a transfer to a more secure facility does not by itself implicate a protected liberty interest entitled to due process protection even though the conditions of confinement are more burdensome. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Reed v. People*, 745 P.2d 235, 239 n. 5 (Colo.1987). "Intervention by the judiciary into the administration of correction programs is reserved for the most serious of

3. The Code of Penal Discipline, D.O.C. Regulation 203–1(7)(c)(2)(b) provides:

> The notice of charge shall contain the place, date and time of the incident, the name of the initiating employee, the offense charged, and the witnesses to the offense. Copies of all relevant non-confidential information and/or documentation shall be included in, or attached to, the notice of charge. The inmate shall be informed on the notice of any confidential information and/or evidence to be used against him.

4. The Code of Penal Discipline, D.O.C. Regulation 203–1(7)(c)(4) provides:

> **Amendment to Notice of Charge:** If any amendment of the charges or other information on the notice is made, the inmate shall be informed in writing of the amendment forthwith and shall be granted a reasonable continuance of the hearing date upon request. Such continuance shall be for a period of at least twenty-four (24) hours from the date and time such amended notice of charge was served on the inmate.

Deason contends that failure to follow the proper amendment procedures contributed to the deprivation of his rights to due process of law.

5. Deason claims that the D.O.C.'s failure to follow its own procedural regulations violated his rights to due process of law. He does not assert that the D.O.C. violated the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *See Bills v. Henderson*, 631 F.2d 1287 (6th Cir.1980) (procedural rules do not create a separate protected liberty interest; procedural requirements of *Wolff* are the due process standards for a prison disciplinary proceeding).

violations of fundamental rights, and an allegation to that effect is essential to any claim for habeas corpus relief." *White v. Rickets*, 684 P.2d 239, 241 (Colo.1984).

A petitioner is entitled to a hearing on a petition for habeas corpus only if he makes a prima facie showing that his confinement is invalid. *Reed v. People*, 745 P.2d at 239.[6] Here, since Deason did not allege that he is entitled to discharge or that the D.O.C. violated a fundamental constitutional right affecting his current conditions of confinement, the petition was insufficient on its face. *See Kodama*, at 419–420.

In *White v. District Court*, 766 P.2d 632 (Colo.1988), we held that a petition for habeas corpus should be treated as a motion for postconviction relief pursuant to Crim.P. 35(c) and section 18–1–410, 8B C.R.S. (1986), based upon " 'the substantive constitutional issue raised therein, rather than [upon] the label placed on the pleading.' " *Id.* at 634 (citing *Dodge v. People*, 178 Colo. 71, 495 P.2d 213 (1972)). In this case, Deason did not allege grounds for postconviction relief under Crim.P. 35(c)(2) or section 18–1–410. Therefore the trial court properly dismissed Deason's petition for habeas corpus.

We affirm.

VOLLACK, J., does not participate.

---

**6.** Section 13–45–101, 6A C.R.S. (1987), provides that "the court to which the application is made shall forthwith award the writ of habeas corpus, unless it appears from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail nor in any other manner relieved."