**James Keith JONES,**
**Petitioner–Appellee,**

v.

**Manuel MARTINEZ, Manager of Safety and Ex–Officio Sheriff of the City and County of Denver; John Simonet, Director of Corrections and Under–Sheriff, Denver County Jail, and Kip Kautzky, Director of the Colorado State Department of Corrections, Respondents–Appellants.**

**No. 89SA406.**

Supreme Court of Colorado,
En Banc.

Oct. 15, 1990.

Rehearing Denied Nov. 13, 1990.

David F. Vela, Colorado State Public Defender, and Douglas D. Barnes, Deputy State Public Defender, Denver, for petitioner-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Barbara L. Widick and Paul S. Sanzo, Asst. Attys. Gen., Denver, for respondent-appellant Kip Kautzky.

Justice ERICKSON delivered the Opinion of the Court.

This is an appeal from an order directing the Department of Corrections to release the petitioner, James Jones. We reverse and remand to the district court with directions to vacate the order directing the Department of Corrections to release Jones and for further proceedings consistent with this opinion.

In addition to the issue addressed in this opinion, there are procedural errors asserted by the Department of Corrections that are not addressed because of our reversal of the release order.

### I.

James Jones was convicted in Denver District Court on July 11, 1986, of a robbery that was committed on October 12, 1984. Jones was sentenced to imprisonment on July 15, 1986, for a term of "five years plus a period of parole." By September 1988, Jones' presentence confinement credit, actual time served, good time credit, and earned time credit totaled five years. On September 10, 1988, Jones was placed on parole for a period of three years pursuant to an order of the Colorado State Board of Parole. On May 9, 1989, Jones was reincarcerated in the Denver County jail on a parole hold pending disposition of subsequent criminal charges.

On June 9, 1989, Jones filed a *pro se* petition for a writ of habeas corpus in the district court alleging that the parole imposed by the trial court was unlawful because the applicable sentencing statute, section 18–1–105(1)(a)(II), 8B C.R.S. (1986), did not authorize the court to order parole following service of a sentence for felonies committed on or after July 1, 1984, and

before July 1, 1985. *Qureshi v. District Court*, 727 P.2d 45, 47 (Colo.1986). Accordingly, Jones argued the parole hold was unlawful because he had served his sentence and the order for parole was void.

On July 10, 1989, the district attorney agreed that the parole following service of the five-year sentence imposed upon Jones was illegal. The district court then issued an amended mittimus vacating the parole following service of the five-year sentence.

On September 5, 1989, the public defender filed an amended petition for writ of habeas corpus on behalf of Jones. The district court issued a writ of habeas corpus on September 6, 1989, ordering the Department of Corrections to bring Jones before the district court to determine the legality of his confinement. On September 7, 1989, the district court determined Jones' actual time served, presentence confinement credit, and good time and earned time credits constituted service of the valid sentence imposed on Jones, and ordered Jones to be immediately discharged from custody. The Director of the Colorado State Department of Corrections subsequently filed this appeal to contest the release of Jones.

### II.

The Department of Corrections asserts Jones' parole was not the parole required by the original mittimus that was to commence after the service of the five-year sentence, but was parole ordered by the parole board pursuant to section 17–22.5–303, 8A C.R.S. (1986), based upon Jones' accumulated good time and earned time credits under sections 17–22.5–301, 302, 8A C.R.S. (1986). The district court's amendment of the original mittimus, striking the sentence of parole following service of the five-year sentence, according to the Department of Corrections, had no effect on the propriety of the parole issued by the parole board since Jones had not served his entire sentence. We agree.

The question before this court is whether the parole restrictions placed on Jones were those required by the original mitti-

mus, or whether the parole was ordered pursuant to the independent authority of the parole board under section 17–22.5–303, 8A C.R.S. (1986). The determinative issue is whether good time and earned time credits constitute service of sentence, or merely provide a basis for determining the inmate's parole eligibility date.

### III.

In interpreting a statute, the intent of the General Assembly in enacting the statute is the key. *People v. Guenther*, 740 P.2d 971, 975 (Colo.1987). The statute must be construed to further the intent of the General Assembly as evidenced by the entire statutory scheme. *Martinez v. Continental Enters.*, 730 P.2d 308, 315 (Colo. 1986). However, when a statute is clear and unambiguous, judicial construction is unwarranted, and the statute must be enforced as written. *People v. Howell*, 701 P.2d 131, 132 (Colo.App.1985).

The legislative intent is clear from the statutes setting forth the computation and application of good time and earned time credits found in Inmate and Parole Time Computation, sections 17–22.5–102.5, 103, 301, 302, & 303, 8A C.R.S. (1986), and in Part Four to section 17–22.5, which took effect on July 1, 1990, and is applicable to all crimes committed after July 1, 1979. Parole Eligibility and Discharge from Custody, sections 17–22.5–401 to 406, 8A C.R.S. (1990 Supp.).

In the past, some confusion has existed because of the legislative reference to good time and earned time credits as being deductible from the inmate's sentence. §§ 17–22.5–301, 302, 8A C.R.S. (1986). Sections 301 and 302 do not specify whether the deductions constitute service of sentence, or are to be used for the purpose of determining the inmate's parole eligibility date.

In section 17–22.4–303(6), 8A C.R.S. (1990 Supp.), the General Assembly provides, "Any person sentenced for a ... felony committed on or after July 1, 1985, shall be eligible for parole after he has served the sentence imposed less any time authorized for good time earned pursuant to section 17–22.5–301 and for earned time pursuant to section 17–22.5–302." Although this section explicitly applies to crimes committed after July 1, 1985, it identifies the legislative intent to use good time and earned time credits for the purpose of determining parole eligibility dates.[1]

We have interpreted the statutes relating to good time and earned time credits in a series of cases. Our case law interpreting former "good time" statutes [2] declare good time and earned time credits are to be deducted from the sentence imposed.[3] Our cases addressing the 1979 and later statutory amendments to the good time allowances [4] hold that when the inmate's actual time served, presentence confinement credit, and good time and earned time credits equal or exceed the sentence imposed, he is

---

**1.** In July 1990, Part Four of Title 17 came into force. Section 17–22.5–404, 8A C.R.S. (1990 Supp.), provides, "Any person sentenced for a ... felony shall be eligible for parole after he has served fifty percent of the sentence imposed upon him, less any time authorized for earned time granted pursuant to section 17–22.5–405." Section 17–22.5–406(1)(c), 8A C.R.S. (1990 Supp.), further provides, "If the application of the provisions of this subsection (1) would result in the early discharge of any offender, the department shall refer such offender to the state board of parole which may, in its discretion, grant or deny parole ..., discharge the offender or place such offender under conditional parole supervision." These new sections are consistent with our conclusion that good time and earned time credits provide a basis for determining the date an inmate will come before the parole board, and do not constitute service of sentence.

**2.** Section 39–18–1(3)(c), 3 C.R.S. (1963) (amended 1974); (section 27–20–104, 11B C.R.S. (1973) repealed August 1, 1977); section 16–11–310(1), (2), (3), 8A C.R.S. (1977) (section 16–11–310(2) & (3) repealed July 1, 1979).

**3.** *People v. Chavez*, 659 P.2d 1381, 1383 (Colo. 1983); *Alexander v. Wilson*, 189 Colo. 321, 540 P.2d 331, 334 (1975); *Wilkerson v. Patterson*, 174 Colo. 264, 483 P.2d 365, 366 (1971); *In re Blocker*, 69 Colo. 259, 193 P. 546 (1920). *See also, People v. Lepine*, 744 P.2d 81, 83 (Colo.App. 1987); *People v. Roedel*, 701 P.2d 891 (Colo.App. 1985); *People v. Incerto*, 38 Colo.App. 390, 557 P.2d 1217, 1220 (1976).

**4.** Section 17–22.5–301, 8A C.R.S. (1986); section 17–22.5–302, 8A C.R.S. (1986).

not entitled to unconditional release, but rather has earned the right to be considered for parole.[5]

In *Bynum v. Kautzky*, 784 P.2d 735, 738 (Colo.1989), this court considered whether good time and earned time credit statutes preclude the reincarceration of a person for violating his parole when his time served, together with his good time and earned time credits accrued, equal or exceed the length of the sentence originally imposed. We held that the good time and earned time statutes did not preclude reincarceration as such credits "vest" only for the purpose of determining parole eligibility. *Id.* at 739. *Bynum* was reaffirmed in *Wiedemer v. People*, 784 P.2d 739, 740 (Colo.1989). In *Williamson v. Jordan*, 797 P.2d 744 (Colo.1990), this court again determined the accumulation of good time and earned time credits do not preclude the reincarceration of a person for violating his parole even though his time served, together with his good time and earned time credits accrued before his parole, equal or exceed the length of the sentence originally imposed.

In the case before us, Jones claims the accumulation of the sentence he has served, presentence confinement credit, good time credit and earned time credit exceed the sentence imposed, and require his release from incarceration without parole. Our decisions in *Bynum* and *Williamson* establish that good time and earned time credits earned by an inmate do not constitute service of sentence. An inmate is not entitled to release until he has served his entire term of sentence. Good time and earned time credits make the inmate eligible for release on parole.[6]

Even though the trial court was correct in amending the mittimus to strike the sentence of parole following the service of the five-year sentence, which was not authorized by statute, Jones had not served his sentence imposed and was not entitled to release.

We reverse and remand to the district court with directions to vacate the order directing the Department of Corrections to release Jones and for further proceedings consistent with this opinion.

VOLLACK, J., does not participate.

---

5. *Williamson v. Jordan*, 797 P.2d 744 (Colo. 1990); *Wiedemer v. People*, 784 P.2d 739, 740 (Colo.1989); *Bynum v. Kautzky*, 784 P.2d 735, 738 (Colo.1989). *See also, People v. Bastardo*, 725 P.2d 88, 89 (Colo.App.1986); *Menchetti v. Wilson*, 43 Colo.App. 19, 597 P.2d 1054, 1055 (1979).

6. Parole of an inmate by the parole board may be ·mandatory or discretionary depending on the sentencing statute applicable to the crime committed by the inmate. *See Thiret v. Kautzky*, 792 P.2d 801 (Colo.1990).