**Kip Lowell THORSON, Appellant,**

v.

**The COLORADO DEPARTMENT OF CORRECTIONS, Walter Kautzky, Executive Director, Edward Buckingham, Administrative Services, William Zalman, Classification Management, Carlos Baca, Adult Services, Div. II, Walter Diesslin, Superintendent, BVCF, the Colorado State Board of Parole, John Ray Enright, Chairman, Appellees.**

No. 89SA475.

Supreme Court of Colorado,
En Banc.

Nov. 19, 1990.

Kip Lowell Thorson, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Ripple, Asst. Atty. Gen., Denver, for appellees.

Justice ERICKSON delivered the Opinion of the Court.

This is an appeal by the petitioner, Kip Thorson, from the denial of habeas corpus relief. We affirm.

## I

On March 6, 1987, Kip Thorson was sentenced to eight years and one day for a conviction of first degree assault committed on December 15, 1984.[1] On July 3, 1989, Thorson petitioned for habeas corpus asserting that he should be unconditionally discharged by the Department of Corrections on June 24, 1990, his mandatory parole date. Thorson claimed that his good time and earned time credits under sections 17–22.5–301(2) & –302(3), 8A C.R.S. (1986), constitute service of his sentence, and that by June 24, 1990, these credits combined with his actual time served would equal the sentence imposed.

## II

Good time and earned time credits do not constitute service of sentence, but only serve the purpose of determining an inmate's parole eligibility date. *Jones v. Martinez*, 799 P.2d 385 (Colo.1990); *Williamson v. Jordon*, 797 P.2d 744 (Colo. 1990); *Wiedemer v. People*, 784 P.2d 739, 740 (Colo.1989); *Bynum v. Kautzky*, 784 P.2d 735, 738 (Colo.1989). Until Thorson has served his entire sentence, he is not entitled to release.

Thorson's petition for habeas corpus was also untimely. Under the Habeas Corpus Act, sections 13–45–101 to –119, 6A C.R.S. (1987), an inmate must establish that he is entitled to release in order to obtain habeas corpus relief. *Deason v. Kautzky*, 786 P.2d 420, 423 (Colo.1990). Habeas corpus, if granted, must have an immediate practical effect on the restraint of the prisoner. *Kodama v. Johnson*, 786 P.2d 417,

1. § 18–3–202, 8B C.R.S. (1986 & 1990 Supp.).

419 (Colo.1990). Since Thorson filed his petition prior to the date he claimed he was entitled to release, his petition for habeas corpus relief was premature and the petition was properly denied.

Accordingly, we affirm.