**Rocky L. PEARSON, Plaintiff–Appellant,**

v.

**Warren T. DIESSLIN, Defendant–Appellee.**

**No. 92SA301.**

Supreme Court of Colorado, En Banc.

March 15, 1993.

Rocky L. Pearson, pro se.

---

**365**

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Farley, Deputy Atty. Gen., and John August Lizza, First Asst. Atty. Gen., Denver, for defendant-appellee.

Justice ERICKSON delivered the Opinion of the Court.

The plaintiff-appellant, Rocky L. Pearson, appearing *pro se,* appeals the district court's order denying his petition for habeas corpus in *Pearson v. Diesslin,* No. 92CV23 (April 16, 1992). We affirm.

Pearson pleaded guilty to two counts of second-degree murder and was sentenced to twenty-six years in the Colorado Department of Corrections on January 26, 1983. He is confined in the Buena Vista Correctional Facility by Warden Warren T. Diesslin. The sole assertion in the petition for habeas corpus is that he had been denied credit for earned good time which would grant him an earlier parole date.

The order of the district court provided in pertinent part:

> The Court finds that the Petitioner, who is incarcerated has not alleged that he is entitled to immediate release. Furthermore it is clear from the supporting documentation to the pleadings that he would not be entitled to release if the allegations in his petition are proven.
>
> A petitioner is entitled to a hearing on a petition for habeas corpus only if he makes a prima facie showing that his confinement is invalid. *Deason v. Kautzky,* 786 P.2d 420 (1990); *Reed v. People,* 745 P.2d 235 (1987); *Kodama v. Johnson,* 786 P.2d 417 (1990).

In *Deason v. Kautzky,* 786 P.2d 420 (Colo.1990), we held that habeas corpus cannot be used to review the allegedly improper withholding of good time credit. In *Meyers v. Price,* 842 P.2d 229 (Colo.1992), we rejected a habeas corpus claim because good time and earned time credits only apply for the purpose of determining parole eligibility, not for the purpose of determining a mandatory date for release. *Meyers,* 842 P.2d at 232 (citing and discussing *Thorson v. Colorado Dep't of Corrections,*

801 P.2d 540 (Colo.1990); *Jones v. Martinez,* 799 P.2d 385 (Colo.1990); *Williamson v. Jordan,* 797 P.2d 744 (Colo.1990); *Wiedemar v. People,* 784 P.2d 739 (Colo. 1989); *Bynum v. Kautzky,* 784 P.2d 735 (Colo.1989)).

Accordingly, Pearson's contention cannot be addressed in a habeas corpus proceeding. We affirm the judgment of the trial court.