**Chris BADGER, Plaintiff–Appellant,**

v.

**Warren T. DIESSLIN, Defendant–Appellee.**

**No. 92SA302.**

Supreme Court of Colorado, En Banc.

April 19, 1993.

Chris Badger, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Farley, Deputy Atty. Gen., John August Lizza, First Asst. Atty. Gen., Paul S. Sanzo, Sr. Asst. Atty. Gen., Denver, for defendant-appellee.

Justice ERICKSON delivered the Opinion of the Court.

The plaintiff-appellant, Chris Badger, appearing pro se, appeals the district court order denying his claim for habeas corpus relief. *Badger v. Diesslin*, 92CV19 (May 23, 1992). On November 25, 1986, Badger was sentenced to twenty-three years in the Department of Corrections for second-degree murder. He was given credit for presentence confinement and earned time. He has a current parole eligibility date of November 28, 2000, and a mandatory release date of March 29, 2005. He is confined at the Department of Corrections facility at Buena Vista where Warren Diesslin is the Warden. He asserts in his habeas corpus

petition that he is entitled to additional credit for earned good time.

The district court denied habeas corpus because Badger was not entitled to immediate relief and other remedies were available. We agree with the district court. We addressed an identical claim for habeas corpus in *Pearson v. Diesslan*, 848 P.2d 364 (Colo.1993), and said:

> In *Deason v. Kautzky*, 786 P.2d 420 (Colo.1990), we held that habeas corpus cannot be used to review the allegedly improper withholding of good time credit. In *Meyers v. Price*, No. 92SA220 [842 P.2d 229] ([Colo.] Dec. 14, 1992), we rejected a habeas corpus claim because good time and earned time credits only apply for the purpose of determining parole eligibility, not for the purpose of determining a mandatory date for release.

*Id.* at 365.

Accordingly, the judgment of the district court is affirmed.