FILED
United States Court of Appeals
Tenth Circuit

July 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEITH E. FRAZIER,

        Petitioner - Appellant,

v.

HEARING OFFICER JACKSON;
WARDEN HOYT BRILL, Private
prisons Monitoring Unit Designee
John Doe; COLORADO
DEPARTMENT OF CORRECTIONS,

        Respondents - Appellees.

No. 09-1429

(D. Colorado)

(D.C. No. 1:09-CV-01789-ZLW)

**ORDER DENYING PETITION FOR REHEARING
AND REHEARING EN BANC**

Before **HARTZ**, **ANDERSON**, and **SEYMOUR**, Circuit Judges.

After this court issued an order denying his request for a Certificate of

Appealability to appeal the denial of his motion for relief under 28 U.S.C. § 2241,

Keith Frazier filed a pro se petition for rehearing en banc. We then appointed

counsel for Mr. Frazier. New counsel filed a supplemental petition for panel

rehearing. At our request, the respondents submitted a response. Having

reviewed these pleadings, we deny panel rehearing. We have determined,

however, that substitution of the court's original decision is appropriate.

Consequently, we withdraw our prior Order and substitute the attached amended Order.

The original suggestion for rehearing en banc was circulated to all the judges of the court who are in regular active service. No judge called for a poll. Therefore, the en banc petition is likewise denied. The clerk is directed to docket the new Order denying a certificate of appealability forthwith.

ENTERED FOR THE COURT

ELISABETH A. SHUMAKER,
Clerk of Court

FILED
United States Court of Appeals
Tenth Circuit

December 3, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KEITH E. FRAZIER,

Petitioner - Appellant,

v.

HEARING OFFICER JACKSON;
WARDEN HOYT BRILL, Private
prisons Monitoring Unit Designee
John Doe; COLORADO
DEPARTMENT OF CORRECTIONS,

Respondents - Appellees.

No. 09-1429

(D. Colorado)

(D.C. No. 1:09-CV-01789-ZLW)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **HARTZ**, **ANDERSON**, and **SEYMOUR**, Circuit Judges.

---

Keith Frazier is a prisoner in the custody of the Colorado Department of

Corrections at the Crowley County Correctional Facility in Olney Springs,

Colorado. He filed a *pro se* application for writ of habeas corpus under 28 U.S.C.

§ 2241 in the United States District Court for the District of Colorado. The

district court dismissed the application and denied relief. He seeks a certificate of

appealability (COA) from this court to appeal the denial of his application. *See*

*Montez v. McKinna*, 208 F.3d 862, 868–69 (10th Cir. 2000) (requiring a COA to

appeal dismissal of habeas application brought by state prisoner under 28 U.S.C.

§ 2241 or § 2254). We deny a COA and dismiss the appeal.

## I.  BACKGROUND

While correctional officers were conducting a prisoner count in Mr. Frazier's prison area on May 22, 2005, he was involved in an altercation with his cellmate inside their cell.  As a result of the incident he was charged with two prison disciplinary offenses—fighting and count interference.  He argued that he was not guilty of either disciplinary offense because he had acted in self-defense after being attacked by his cellmate; but he was convicted of both and sentenced to 20 days in segregation.  In addition, the offense made him ineligible to obtain earned-time credits for two months.  The disciplinary convictions were affirmed both on administrative appeal and in state-court proceedings.

In July 2009 Mr. Frazier filed his § 2241 application in district court. Although not all his claims were framed in terms of his right to due process under the United States Constitution, he essentially contended that he had been denied due process in four respects:  (1) there was insufficient evidence to convict him of the disciplinary offenses; (2) he was denied a fair hearing because he could not call certain witnesses at his administrative hearing; (3) the warden did not timely review his administrative appeal; and (4) his administrative appeal was not reviewed by the Private Prison Monitoring Unit of the Colorado Department of Corrections.  (Insofar as he was claiming violations of state law alone, he was not entitled to relief under § 2241.  *See Montez*, 208 F.3d at 865.)  He argued that the allegedly erroneous disciplinary convictions resulted in a loss of earned-time

-2-

credits and other "potential collateral consequences." R. at 25. His requested relief was an order expunging the disciplinary convictions "so that he can recover 'earned-time' credits against his sentence that he has lost." *Id.*

The district court denied Mr. Frazier's application. It concluded that he could not obtain habeas relief because even if his contentions were meritorious, he would not be entitled to immediate or speedier release. The district court denied Mr. Frazier's request to reconsider.

## II. DISCUSSION

Because Mr. Frazier was denied a COA by the district court, he may not appeal the district court's decision absent a grant of a COA by this court. *See Montez*, 208 F.3d at 868–69. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.*

-3-

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

An application for habeas relief may be granted only "when the remedy requested would result in the prisoner's immediate or speedier release from . . . confinement." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Mr. Frazier contends that the district court erred in concluding that the disciplinary proceedings did not affect the duration of his sentence. He argues that both the denial of earned-time credits and other potential collateral consequences from his disciplinary convictions—such as the denials of release on parole, transfer to community corrections, and sentence reconsideration—resulted in a longer period of incarceration.

We agree with Mr. Frazier that earned-time credits would reduce the time he must serve on his sentence. But due process under the United States Constitution protects against deprivation of earned-time credits only if Mr. Frazier had a protected liberty interest in those credits. And he has no such interest because the award of earned-time credits is within the discretion of prison authorities. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006). Accordingly, Mr. Frazier cannot base his due-process claim on his loss of eligibility for earned-time credits.

-4-

As for the potential collateral consequences of which Mr. Frazier complains, we have recognized that "the connection between a disciplinary decision and the length of a prisoner's sentence may be sufficient to establish a liberty interest when the prisoner establishes that the decision was the only factor that lengthened the sentence." *Wilson v. Jones*, 430 F.3d 1113, 1119 (10th Cir. 2005). But Mr. Frazier has not shown that the denial of his release on parole, placement in community corrections, or sentence reconsideration was the result of his disciplinary convictions. Indeed, he concedes that no reason was given for any of these denials.

## III. CONCLUSION

Because no reasonable jurist could debate whether Mr. Frazier's application ought to have been granted, we DENY his request for a COA and DISMISS his application. We GRANT his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge