**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**July 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

—————————————————————

JUSTIN RUEB,

    Petitioner - Appellant,

v.

DEAN WILLIAMS; MARK FAIRBAIRN,

    Respondents - Appellees.

No. 23-1249
(D.C. No. 1:22-CV-01471-GPG)
(D. Colo.)

—————————————————————

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

—————————————————————

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.

—————————————————————

Justin Rueb, a Colorado inmate proceeding pro se,[1] requests a certificate of appealability ("COA") to challenge the district court's denial of his application for a writ of habeas corpus under 28 U.S.C. § 2241.  We deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Rueb proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## I.  BACKGROUND

Since 1997, Mr. Rueb has been a prisoner in the custody of the Colorado Department of Corrections ("CDOC"), serving multiple concurrent and consecutive sentences for crimes he committed from 1996 to 2011.  His § 2241 claims arise from two sets of sentences initially imposed in 1997 for convictions in Adams and Jefferson County.  The Adams County sentences originally totaled 14 years in prison.  The Jefferson County sentence was 12 years, to be served concurrently with the Adams County sentences.

In 2001, Mr. Rueb prevailed on a state postconviction motion, and the court vacated his sentences in the Adams County cases.  But then he was retried, reconvicted, and resentenced to 24 years, to be served consecutively to the Jefferson County sentence.  Added to another sentence unrelated to Mr. Rueb's § 2241 petition, his aggregate sentence is 135 years.  *See* R. vol. 2 at 170.

In his § 2241 petition, Mr. Rueb alleged that the CDOC

(1) denied him credit against his new Adams County sentence for the time he served between the commencement of his Jefferson County sentence and the vacation of his original Adams County sentences, in violation of the Ex Post Facto Clause;

(2) changed the earned-time formula for prisoners in administrative segregation, in violation of the Ex Post Facto Clause;

(3) denied him a parole hearing in the Jefferson County case despite his alleged eligibility since 2002, in violation of the Due Process Clause.

Mr. Rueb requested oral argument and an evidentiary hearing.  The court denied the petition, the hearing request, and a COA.

2

## II.  DISCUSSION

"[A] state prisoner must obtain a COA to appeal the denial of a habeas petition . . . filed pursuant to . . . § 2241, whenever the detention complained of in the petition arises out of process issued by a State court." *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (quotations and brackets omitted).  To obtain a COA, Mr. Rueb must make "a substantial showing of the denial of a constitutional right," § 2253(c)(2), and must show "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Rueb seeks a COA on whether the district court erred in denying

(1) an evidentiary hearing;

(2) his ex post facto claim requesting credit for time he served on the vacated Adams County sentences;

(3) his ex post facto challenge to the amended CDOC rules on earned time credits for prisoners in administrative segregation; and

(4) his due process claim for parole-eligible status and a parole hearing on the Jefferson County sentence.

We deny a COA on each issue.

### 1.  Evidentiary Hearing

Because a district court's denial of an evidentiary hearing would be reviewed for abuse of discretion during a merits appeal, the Supreme Court has accepted a formulation of "the COA question" as "whether a reasonable jurist could conclude that the District Court abused its discretion." *Buck v. Davis*, 580 U.S. 100, 123 (2017).  Where, as here, a habeas claim can be resolved on the existing record, denying an evidentiary hearing is not

an abuse of discretion. *Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003). The district court was able to resolve Mr. Rueb's claims on the record, and he has not shown what evidence he would have presented that would have made a difference. A reasonable jurist could not conclude the district court abused its discretion in not holding an evidentiary hearing.

2. **Credit for Time Served**

Mr. Rueb argues he should receive credit for both the Adams and Jefferson County sentences from 1997 to 2001 because they ran concurrently and because the state court vacated his Adams County sentences in 2001. The record lacks any indication he exhausted this claim in state court, "a prerequisite for § 2241 habeas relief," *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), and we deny a COA on this ground.[2]

But even if Mr. Rueb had properly exhausted, we would deny a COA based on the district court's analysis. The district court said this claim should be analyzed under the Double Jeopardy Clause rather than the Ex Post Facto Clause. His claim fails under both. The former "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). The latter prohibits "[l]egislatures [from] . . . retroactively alter[ing] the definition of crimes or increas[ing] the punishment for criminal acts." *Collins v. Youngblood*, 497 U.S. 37, 38 (1990).

---

[2] Although the district court did not discuss exhaustion, we may deny a COA on a ground not relied on by the district court. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

As the district court concluded, Mr. Rueb cannot show an ex post facto violation because he does not contend the current 24-year Adams County sentence exceeds the statutory sentence that was applicable when he committed the offenses.

Mr. Rueb also has not shown a double jeopardy violation. As the district court explained at resentencing on the Adams County offenses, the state court ordered the 24-year sentence to run consecutively to the 1997 Jefferson County sentence. Colorado law requires the CDOC to "construe all sentences as one continuous sentence" when calculating release and parole-eligibility dates. Colo. Rev. Stat. § 17-22.5-101. The CDOC's computation of Mr. Rueb's one continuous sentence gave him credit for the period between 1997 to 2001 because he was serving the Jefferson County sentence then.[3]

The original sentence for the Adams County offenses, to be served concurrently with the Jefferson County sentence, was vacated, and the resentencing court ordered that the sentence for those offenses must be served consecutively.[4] Mr. Rueb thus cannot

---

[3] As noted above, accounting for Mr. Rueb's sentence on an unrelated case, his aggregate continuous sentence is 135 years. The CDOC calculated his parole eligibility date as March 5, 2061, and his mandatory release date as May 7, 2128. *See* R. vol. 2 at 170.

[4] In *Pearce*, the Supreme Court held that "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully credited in imposing sentence upon a new conviction for the same offense." 395 U.S. at 718–19 (internal quotation marks omitted). But *Pearce* did not contemplate a situation in which the time originally served on the vacated sentence was served concurrently with another sentence. And nothing in *Pearce* indicates that in calculating Mr. Rueb's total sentence, the CDOC erred in counting the Jefferson County sentence served between 1997 and 2001 to reach the 135-year total.

show the CDOC's one-continuous sentence calculation imposes double punishment for the same offense.

### 3. Earned Time Credits

The district court correctly rejected Mr. Rueb's ex post facto claim about CDOC earned time credit rules regarding prisoners in administrative segregation. Mr. Rueb explains that when he committed his crimes in 1996, inmates in administrative segregation could receive up to 10 days of earned time credit per month, but in 1997 the CDOC eliminated earned time credits and in 2011 set the formula at 5 days per month. He argues that he should receive 10 days per month for the years he was in administrative segregation.

The district court rejected this claim on the ground that, under Colorado law, earned time credit is discretionary, so Mr. Rueb "has no clear right to receive, and [CDOC has] no clear duty to grant" it. *Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875, 878 (Colo. App. 2003); *see also Meyers v. Price*, 842 P.2d 229, 231 (Colo. 1992) ("[CDOC] retains the authority to grant or deny the award of earned time credits."). Even if the changes in the CDOC earned time rules were retrospective, it is speculative whether Mr. Rueb has shown a sufficient risk of increased punishment, which he must do to make out an ex post facto violation. *See Henderson v. Scott*, 260 F.3d 1213, 1216 (10th Cir. 2001) (in ex post facto challenges to laws governing parole and sentencing procedures, "the controlling inquiry is not whether the law is retroactive, but whether it produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." (internal quotation marks omitted)).

4. **Due Process**

Mr. Rueb claims a due process violation because he was "parole eligible" on the Jefferson County case in 2002 and has been denied a parole hearing. The district court rejected this claim because Mr. Rueb's argument ignores his other sentences that underly his one continuous sentence of 135 years. Mr. Rueb does not contest he is not eligible for parole under that sentence, so the district court concluded his claim fails for lack of a due process liberty interest. We agree.

Although "a state parole statute can create a liberty interest when the statute's language and structure sufficiently limits the discretion of a parole board," *Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005), "the Colorado parole statute gives the Board broad discretion," *Schuemann v. Colo. State Bd. of Adult Parole*, 624 F.2d 172, 175 (10th Cir. 1980). We therefore have not recognized "any liberty interest" in parole under Colorado law. *Boutwell*, 399 F.3d at 1215 n.3.

### III. CONCLUSION

Reasonable jurists would not debate the district court's disposition on each of these issues. We deny a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge