**Paul F. RATHER, Petitioner–Appellant,**

v.

**John SUTHERS, Donna Thurlow, and Richard Soares, Respondents– Appellees.**

**No. 98SA56.**

Supreme Court of Colorado, En Banc.

Feb. 16, 1999.

Chief Justice MULLARKEY delivered the Opinion of the Court.

The petitioner-appellant, Paul F. Rather, appeals *pro se* the denial of his petition for writ of habeas corpus.[1] We have jurisdiction pursuant to section 13–4–102(1)(e), 5 C.R.S. (1998). Before the District Court of Lincoln County, Rather petitioned for his immediate release from the Department of Corrections (DOC) arguing that he was entitled to have good time credits and earned time deducted from his sentence, thereby making him eligible for immediate release. The district court disagreed, holding that good time and earned time are used for the purpose of determining an inmate's parole eligibility date and are not to be credited towards service of sentence. As a result, the district court denied Rather's petition for writ of habeas corpus. We affirm.

## I.

On May 29, 1984, Rather was sentenced to 24 years in the DOC for first degree sexual assault[2] plus an additional six years for second degree burglary.[3] Rather committed these crimes in December 1982 and August 1983. The two sentences were to run consecutively, creating a total term of 30 years in the DOC, less 273 days for presentence confinement.

On February 13, 1992, the DOC issued an Official Time Computation Report indicating that Rather had accrued a total vested balance of eight years, eight months, and 19 days of good time and earned time. Of this total, the report attributed seven years, five months, and 23 days to vested good time credits. On September 10, 1997, the DOC issued a new report indicating that Rather did not have any vested good time but that his earned time totaled two years, five

Paul F. Rather, Limon, Pro Se.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John Daniel Dailey, Deputy Attorney General, Paul S. Sanzo, First Assistant Attorney General, Civil Litigation Section, Denver, Colorado, Attorneys for Respondents.

1. When originally filed, Aristedes Zavaras was sued in his official capacity as the Executive Director of the Department of Corrections, an officer of the State of Colorado. However, in January 1999, John Suthers succeeded to that office. Hence, by operation of law, Suthers was automatically substituted as a nominal party in this proceeding, representing the State of Colorado in his official capacity only. *See* C.A.R. 43(c)(1) ("When a public officer is a party to an appeal or other proceedings in the appellate court in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party.").

2. *See* § 18–3–402, 6 C.R.S. (1998).

3. *See* § 18–4–203, 6 C.R.S. (1998).

months, and 18 days. This report also stated that it nullified any previous reports.

## II.

Rather argues to this court that the DOC's failure to list his vested good time credits amounts to a retroactive cancellation of those credits in violation of section 16–11–310, 8A C.R.S. (1986) (repealed 1988),[4] section 17–22.5–301(1), (2), 8A C.R.S. (1986), and the Ex Post Facto Clause of the United States Constitution, *see* U.S. Const. art. I, § 10, cl. 1. He asserts that according to these provisions, good time credits that are vested may not be withdrawn and that the DOC is required to deduct these credits from an inmate's sentence. Accordingly, Rather claims that his detention is improper because he has vested enough good time and earned time to mandate immediate release from prison.

 There is no constitutional right to good time credits. *See Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Kodama v. Johnson,* 786 P.2d 417, 419 (Colo.1990). Any right to good time credits arises out of and is controlled by state statute. *See Wolff,* 418 U.S. at 557, 94 S.Ct. 2963; *People v. McCreadie,* 938 P.2d 528, 529 (Colo.1997).

In Colorado, an inmate who is incarcerated in the state prison system is eligible for two types of time deductions: good time and earned time. *See* §§ 17–22.5–301 to –302, 6 C.R.S. (1998); *Bynum v. Kautzky,* 784 P.2d 735, 736 (Colo.1989). Good time of 15 days per month may be deducted from the sentence of an inmate who faithfully performs his assigned duties and who substantially observes all the rules and regulations of the facility in which he is confined. *See* § 17–22.5–301(1). Earned time of up to 30 days for every six months served may be deducted from the sentence of an inmate who makes substantial and consistent progress in enumerated categories such as work and training, group living, and participation in counseling sessions. *See* § 17–22.5–302(1)(a)–(d). For an individual, like Rather, who was sen-

tenced for crimes committed on or after July 1, 1981, but before July 1, 1985, good time vests semiannually and no more than 90 days may be withheld by the DOC within any 6–month period of sentence. *See* § 17–22.5–301(2). Earned time reviews are conducted annually for individuals sentenced for crimes committed on or after July 1, 1979, but before July 1, 1985; any earned time granted during these reviews vests immediately and may not be withdrawn. *See* § 17–22.5–302(3).

 These two types of time deductions, good time and earned time, do not constitute service of sentence. *See Jones v. Martinez,* 799 P.2d 385, 388 (Colo.1990). In *Jones,* the defendant, James Keith Jones, made an argument similar to what Rather is arguing today: that, pursuant to sections 17–22.5–301 to –302, he should be released from prison because the combination of his actual time served, presentence confinement credit, and good time and earned time credits added up to the period of his sentence. Jones had been paroled; his parole had been revoked, and he was reincarcerated when he filed his petition for writ of habeas corpus. This court recognized, in *Jones,* that sections 17–22.5–301 to –302 have created some confusion because they "do not specify whether the deductions constitute service of sentence, or are to be used for the purpose of determining the inmate's parole eligibility date." *Jones,* 799 P.2d at 387. However, after reviewing the entire statutory scheme, we concluded that the General Assembly intended to use good time and earned time credits for the purpose of determining parole eligibility dates. *See id.* at 387–88. Therefore, we held that when an inmate's actual time served, presentence confinement credits, and good time or earned time credits equal or exceed his sentence, the inmate is not entitled to unconditional release but may have earned the right to parole depending upon the applicable sentencing statute. *See id.* at 387–88 & n. 6. As a consequence, Jones could be reincarcerated after his parole was re-

---

**4.** Section 16–11–310 states that "an incarcerated person shall be unconditionally released and discharged upon the expiration of his sentence, less

the deductions authorized in article 22.5 of title 17, C.R.S."

voked, and he was not entitled to be released from prison. *See id.* at 386, 388.

 Applying *Jones* to this case, it is apparent that Rather is not entitled to immediate release. In general, an inmate who is serving a sentence for a crime committed between July 1, 1979, and July 1, 1985, must be paroled when a deduction from his sentence of good time and earned time credits indicates that he has reached his parole date. *See Thiret v. Kautzky,* 792 P.2d 801, 805 (Colo.1990). However, when an individual has been convicted of a sex offense, parole is at the discretion of the Colorado State Board of Parole (Parole Board). *See* § 17–2–201(5)(a), 6 C.R.S. (1998); § 18–3–412.5(1), 6 C.R.S. (1998); *see also Thiret,* 792 P.2d at 807. Since Rather has been convicted of first degree sexual assault, which is a sex offense, he is not entitled to mandatory parole for the 24 years of his sentence attributable to that crime. Rather has not completed this portion of his sentence, and he is not subject to immediate release.

The Official Time Computation Report issued by the DOC in 1997 reflects a correction in the Parole Board's erroneous view that parole was mandatory for sexual offenders unless they had been sentenced under the Sexual Offenders Act, sections 16–13–201 to –216, 8A C.R.S. (1986). *See generally Aue v. Diesslin,* 798 P.2d 436, 438 n. 2 (Colo.1990) (noting that our decision in *Thiret* upheld the Parole Board's current view that parole is discretionary for sexual offenders). As we previously noted in *Aue,* such an alteration of parole eligibility does not violate the Ex Post Facto Clause because it was foreseeable that parole was not discretionary for persons convicted of a sex offense as defined in section 16–13–202(5), 8A C.R.S. (1986). *See id.* at 441. Rather's conviction is within that definition.

This ends our inquiry. Habeas corpus relief is only available if the relief granted would have a practical effect on the restraint of the petitioner at the time of the hearing. *See Kodama,* 786 P.2d at 419. Since Rather is not entitled to mandatory parole and has only served approximately 15 of the 24 years of the first degree sexual assault sentence, we cannot grant the relief he requests. He is only eligible for discretionary parole, not immediate release.

As a result, we affirm the district court's order denying the petition for habeas corpus.