**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY LEE GRIFFIN, JR.,

      Plaintiff - Appellant,

v.

ENDRE SAMU, JULIE JOFFE, LISA G.
ADELMAN, SUSAN BUTLER, TERRI
MILHEIM, and DONNA HALL,
individually and in their official
capacities,

      Defendants - Appellees.

No. 02-1185
(D.C. No. 02-Z-494)
(D. Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **LUCERO** and **HARTZ,** Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of the is appeal. *See* Fed. R. App. P. 34(a)(2);10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Henry Lee Griffin, proceeding *pro se*, filed a 42 U.S.C. § 1983 action alleging constitutional violations arising out of a prison disciplinary proceeding. He sought, among other things, damages and an expungement of the conviction from his record. The district court dismissed without prejudice his damage claims as barred by *Edwards v. Balisok*, 520 U.S. 641 (1997), dismissed his due process claims as frivolous, and denied his petition to proceed *in forma pauperis* (IFP). Liberally construing his complaint pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court also determined that Mr. Griffin's request to expunge his disciplinary conviction was appropriately styled as a habeas petition and dismissed it for failure to exhaust state remedies. We grant leave to proceed IFP but affirm the district court in its disposition of Mr. Griffin's § 1983 claims and deny a certificate of appealability (COA) regarding the habeas claim.[1]

After bringing a civil suit challenging a Colorado statute and alleging that his prison was infecting the inmate population, Mr. Griffin sent five or six letters to the general public describing his case and requesting money for filing fees. As a result of the letters, Mr. Griffin was found guilty in a prison disciplinary hearing of attempted robbery and extortion, was placed in administrative

---

[1]This court previously granted COA regarding whether Mr. Griffin's expungement claim should be filed pursuant to § 1983 or as a habeas petition pursuant to 28 U.S.C. § 2241 or § 2254. We need not decide this question because, as discussed below, Mr. Griffin's failure to exhaust state remedies bars his ability to bring either a civil rights or a habeas action.

segregation for thirty days, and lost forty-five days of good time credits. He brought this action alleging prison officials violated his First, Sixth and Fourteenth Amendment rights in the course of the disciplinary action.

Mr. Griffin seeks damages under § 1983 for alleged constitutional violations arising from his disciplinary proceeding. In *Edwards*, the Supreme Court applied its ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), and held that a prisoner may not bring a § 1983 claim challenging a disciplinary hearing by seeking damages or declaratory relief when his claim would "necessarily imply the invalidity of the punishment imposed" unless he first demonstrates that his disciplinary conviction or sentence was previously invalidated. *Edwards*, 520 U.S. at 648. Mr. Griffin challenges the sufficiency of the evidence to support his disciplinary conviction, a claim that necessarily implies the invalidity of that conviction. The district court correctly held this claim barred under *Edwards* by Mr. Griffin's failure to show that the conviction has been invalidated.

We also agree with the district court's conclusion that to the extent Mr. Griffin is alleging his liberty interests were violated by his placement in administrative segregation, his claim is frivolous under *Sandin v. Conner*, 515 U.S. 472 (1995). In *Sandin*, the Supreme Court held that discipline in the form of segregated confinement does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at

-3-

486. *See also Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996).

Mr. Griffin raises a First Amendment claim, asserting the disciplinary action was in retaliation for his initiation of the civil suit and his solicitation of the general public. Prison officials may not discipline an inmate for exercising his constitutional rights. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (retaliation against prisoner for exercise of right of access to courts violates First Amendment and due process). Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), however, a prisoner must exhaust all available administrative remedies "prior to filing an action with respect to prison conditions under § 1983." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). While Mr. Griffin did challenge the validity of the disciplinary action through the prison appeal system, even under the most expansive of readings these appeals did not allege his conviction and punishment were in retaliation for exercising his First Amendment rights. The appeals primarily asserted the lack of substantial evidence to establish his guilt. Mr. Griffin is barred from raising his First Amendment claim until he exhausts available administrative remedies.

Finally, the district court addressed Mr. Griffin's request to expunge his disciplinary conviction from his record. Because an expungement would result in a reinstatement of his good time credits, the court styled this portion of the suit as a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)

-4-

(habeas corpus proper remedy for prisoner seeking relief resulting in reinstatement of good time credits); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam) (same). The district court dismissed this claim without prejudice because Mr. Griffin had failed to exhaust state remedies.

Defendants contend Mr. Griffin cannot bring a habeas action because Colorado good time credits do not apply to a prisoner's eventual discharge date, but only to his parole eligibility date. *See, e.g.*, *Rather v. Suthers*, 973 P.2d 1264, 1265 (Colo. 1999); *Meyers v. Price*, 842 P.2d 229, 232 (Colo. 1992). They argue the loss or reinstatement of good time credits would not necessarily impact the length of Mr. Griffin's confinement, thereby precluding a habeas claim. *See Preiser*, 411 U.S. at 487 (habeas corpus appropriate remedy to seek shortened sentence, or obtain future release).[2] We need not decide whether defendants' argument is correct because even assuming the district court properly construed Mr. Griffin's expungement claim as a habeas corpus action, we decline to grant Mr. Griffin a COA in order to proceed with the appeal of this issue. *See* 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

When, as here,

---

[2]In his reply brief, Mr. Griffin states he does not care about regaining his good time credits and that "compensation could resolve that issue." Aplt. Reply Br. at 2. As discussed above, to the extent he is seeking damages under § 1983, Mr. Griffin is required by *Edwards* to demonstrate the disciplinary conviction was invalid. *Edwards*, 520 U.S. at 645-48. This he has failed to do.

a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However,

[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal [is] warranted.

*Id*. Mr. Griffin has failed to allege he exhausted his state court remedies, *see Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (state prisoner bringing federal habeas corpus action bears burden of proving exhaustion), and any present attempt on his part to do so would be time barred.[3] His claim is therefore procedurally defaulted, *see Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), and the district court correctly dismissed it. Accordingly, we deny his request for a COA and dismiss the appeal of this claim.

---

[3]Pursuant to Colo. R. Civ. P. 106(b), Mr. Griffin had thirty days from the prison officer's final decision regarding his disciplinary conviction to challenge the action in state court. Mr. Griffin's disciplinary conviction was deemed final on February 22, 2002.

In sum, we **AFFIRM** the district court's disposition of Mr. Griffin's § 1983 claims, and we **DENY** a COA for his habeas action and **DISMISS** that claim.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge