**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY WADE OLIVER,

              Petitioner–Appellant,

v.

RICK RAEMISCH, Executive
Director Colorado Department of
Corrections; JOHN SUTHERS,
Attorney General,

              Respondents–Appellees.

No. 13-1348
(D.C. No. 1:13-CV-01076-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

       Petitioner Gregory Wade Oliver, proceeding pro se, seeks to appeal the

denial of his application for habeas corpus relief under 28 U.S.C. § 2241 by the

United States District Court for the District of Colorado.

       Petitioner is currently serving a mandatory term of parole in relation to a

sentence he received in Colorado state court.  In April 2013, Petitioner filed an

application for a writ of habeas corpus under 28 U.S.C. § 2241 in the United

States District Court for the District of Colorado.  In his application, Petitioner

_____

       [*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

argued that earned-time credits were wrongfully withheld from him during his incarceration as a result of his refusal to participate in Colorado's Sex Offender Treatment Management Program. Petitioner requested these earned-time credits be applied to the parole component of his sentence. In ruling on the application, the district court noted that it was bound by the Colorado Supreme Court's interpretation of Colorado law, insofar as the Colorado Supreme Court's interpretation did not violate federal law. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The district court then explained the Colorado Supreme Court has held that earned-time credits do not count as service of an inmate's sentence, *see Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo. 1999), but rather serve only to establish parole eligibility, *see Jones v. Martinez*, 799 P.2d 385, 387-88 (Colo. 1990). Therefore, the district court concluded that because Petitioner was already on parole, his request for relief was moot. Accordingly, the district court denied Petitioner's application for habeas corpus. The district court further ordered that no certificate of appealability would issue because Petitioner failed to make a substantial showing of the denial of a constitutional right.

While Petitioner did not file an application for a certificate of appealability with this court, his notice of appeal may be construed as such. *See* Fed. R. App. P. 22(b)(2). After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's

dismissal of the habeas petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Therefore, for substantially the same reasons given by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. However, Petitioner's motion to proceed on appeal without prepayment of costs or fees is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge