FILED
United States Court of Appeals
Tenth Circuit

July 31, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DAVID K. JENNER and MICHAEL
O. BACKUS,

     Plaintiffs-Appellants,

v.

ARI ZAVARAS, Executive Director,
Colorado Department of Corrections;
STEVE HARTLEY, Warden, Limon
Correctional Facility; TRAVIS
TRAIN, Associate Warden, Limon
Correctional Facility; RANDY LIND,
Major, Limon Correctional Facility;
and ANTON EVANS, Case Manager,
Limon Correctional Facility, in their
official and individual capacities,

     Defendants-Appellees.

No. 09-1093
(D.C. No. 08-CV-379-WYD-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

[*]After examining appellants' brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

David Jenner and Michael Backus, inmates at the Limon Correctional Facility in Limon, Colorado, filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants, officials at the prison, violated various of their constitutional rights (1) by classifying them as associates of members of the Prison Motorcycle Brotherhood (PMB), as a result of which they have lost certain privileges and may be adversely impacted in parole hearings or other proceedings; and (2) by refusing to allow them access to their prison files so they might review and contest their classification as PMB associates.

After the defendants moved to dismiss the lawsuit for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the magistrate judge assigned this case recommended dismissal on the ground that the complaint "d[id] not support a reasonable inference that any of the defendants were directly responsible for classifying the plaintiffs as associates to members of the [PMB] or that they were in any way involved in refusing plaintiffs' requests to view their files." Recommendation at 6. The district court adopted the magistrate judge's recommendation and also denied the plaintiffs' motion to amend their complaint under Federal Rule of Civil Procedure 15(a), a motion the plaintiffs presented only after the magistrate judge issued his dismissal recommendation. The district court held that to allow the motion to amend would result in undue delay, noting that the plaintiffs had ample opportunity—of which they failed to avail themselves—to amend their complaint prior to the magistrate judge's

recommendation.  Mr. Jenner and Mr. Backus now contest both the district court's dismissal of their complaint and its denial of their motion to amend.  We address each ruling in turn.

We review a Rule 12(b)(6) dismissal *de novo*, asking whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Because Mr. Jenner and Mr. Backus appear before us *pro se*, we construe their pleadings with special solicitude.  *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).  Even so, we must affirm.

As the district court explained, Mr. Jenner and Mr. Backus's challenge to their classification as associates of the PMB fails because they have not alleged facts suggesting that the defendants participated in their classifications, or in any of the adverse consequences that followed or may follow from those classifications.  Accordingly, we affirm the district court's dismissal of this claim for substantially the reasons it provided.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (holding that a defendant cannot be held liable in a § 1983 action unless he or she caused or personally participated in the alleged constitutional violation); *see also Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156-57 (10th Cir. 2001) (requiring a § 1983 complaint to allege

"an affirmative link between the defendant's conduct and any constitutional violation").

On the plaintiffs' remaining claim, alleging a denial of procedural due process when they were denied access to their prison files, we assume without deciding that the complaint alleges sufficient facts to suggest the defendants' personal involvement. *See* Complaint at 3(a). Even so, this claim still fails. In order for the Fourteenth Amendment to require any process at all, the plaintiffs must identify a "liberty or property interest which has been interfered with by the State." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). The plaintiffs have not satisfied this burden. The only reason they cite for seeking access to their files is in order to facilitate their challenge to the prison's classification of them as associates of members of the PMB. But Colorado law leaves prisoner classification decisions to the discretion of the Department of Corrections, and the Colorado Supreme Court has held that "an inmate does not have a constitutional right to a particular custody classification." *Deason v. Kautzky*, 786 P.2d 420, 422 (Colo. 1990). Federal law is similarly unhelpful. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) ("Changing an inmate's prison classification ordinarily does not deprive him of liberty . . . ."). Because the plaintiffs cannot show how access to their personnel files would affect any cognizable interest they enjoy under the Due Process Clause, the Constitution does not require that access.

The question whether to permit an amendment under Rule 15 is entrusted to the district court's discretion, and we will reverse only in the presence of an abuse of that discretion. *See Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1249 (10th Cir. 2009). "An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical. It is not merely an error of law or judgment . . . ." *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987). We see no basis for reversal under this standard. More than five months passed after the defendants filed their motion to dismiss and before the magistrate judge entered his recommendation. The plaintiffs had a wide window in which to amend their complaint. They declined to do so, and "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

The district court's judgment, accordingly, is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge