FILED
United States Court of Appeals
Tenth Circuit

September 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDY KAILEY,

        Petitioner – Appellant,

v.

WILLIAM PRICE; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondent - Appellee.

No. 12-1276
(D.C. No. 1:11-CV-03418-REB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY,
MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES,
AND DISMISSING APPEAL**

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Randy Kailey, a Colorado state prisoner proceeding pro se,[1] wants to appeal from

the district court's denial of his 28 U.S.C. § 2241 habeas petition. His petition was based

upon the alleged denial of earned time credits. The court concluded he did not make "a

substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Because that decision is not even debatably incorrect we deny Kailey's request for a

Certificate of Appealability (COA).

---

[1] We liberally construe Kailey's pro se filings. *See Ledbetter v. City of Topeka,
Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Kailey, who is serving a 32-year sentence on two counts of aggravated incest, believes he is entitled to 1,154 days of earned time credits based on "his placement upon mental health care waiting lists and actual participation in more than 600 hours of 'recommended' treatment programs." (Appellant's Combined Opening Br. & COA Application at 3.) According to him, if he had been properly granted this credit he would be eligible for immediate release. The district court disagreed. In Colorado, earned time credits do not count as service of the inmate's sentence but rather serve only to establish parole eligibility. Many inmates serving a sentence for a crime committed between July 1, 1979, and July 1, 1985, are entitled to mandatory parole when their time served plus earned time credits equal the sentence imposed. Kailey's case is different because it involves sex offense convictions. Those convictions preclude mandatory parole. Even if Kailey were to be awarded the 1,154 days of earned time credit to which he claims to be due, the court concluded it would not entitle him to immediate or an earlier release.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Montez v. McKinna,* 208 F.3d 862, 868-69 (10th Cir. 2000) (requiring a COA to appeal dismissal of habeas application brought by state prisoner under 28 U.S.C. § 2241). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

- 2 -

*McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Miller-El*, 537 U.S. at 338.

In a cogent order the district court thoroughly and correctly addressed and resolved the issues presented.  In his request to us for a COA, Kailey relies mainly on *Templeman v. Gunter*, 16 F.3d 367 (10th Cir. 1994), claiming the denial of earned time credit deprives him of a constitutionally protected liberty interest because "'those credits moved forward his mandatory release.'"  (Appellant's Combined COA Application & Opening Br. at 3c (quoting *Templeman*).)

Kailey misquotes *Templeman*.  There, we said "[d]enying mandatory earned time credits would deprive Templeman of a liberty interest because the credits move forward his *mandatory date of release on parole*."  16 F.3d at 370 (emphasis added).  As the district court explained, in Colorado, earned time credits do not count as service of the inmate's sentence but rather serve only to establish parole eligibility.  *See Jones v. Martinez*, 799 P.2d 385, 387-88 & n.5 (Colo. 1990) (collecting cases).  Because Kailey's offenses are sex offenses, he is not entitled to mandatory parole; instead, parole is within the discretion of the Parole Board.[2]  *See Thiret v. Kautzky*, 792 P.2d 801, 805-07 (Colo.

---

[2]  According to the record, Kailey's parole eligibility date has passed and "[h]e has been scheduled for hearings with the Parole Board . . . at least once per year . . . since June 1999.  Kailey either waived his right to meet the Parole Board or was deferred at the discretion of the Parole Board each time."  (R. at 71.)  In his COA application, Kailey states he is not seeking parole but to discharge his sentence.

1990) (inmates sentenced to a crime committed after July 1, 1979, but before July 1, 1985, are normally entitled to mandatory parole; an exception to mandatory parole are those inmates sentenced for a sex offense, for them, parole is discretionary). Therefore, even if the credits he seeks were awarded, he would not be eligible for immediate or speedier release.[3] *Boutwell v. Keating,* 399 F.3d 1203, 1209 (10th Cir. 2005) ("[H]abeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.") (emphasis in original omitted); *see also Frazier v. Jackson*, 385 F. App'x 808, 810-11 (10th Cir. 2010) (unpublished), *cert. denied*, 131 S. Ct. 912 (2011) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier release from confinement.") (quotations omitted).[4]

---

[3] Colorado case law is clear that earned time credit does not decrease the actual sentence imposed but only establishes an inmate's parole eligibility. *See Jones*, 799 P.2d at 387-88 & n.5. Nevertheless, in its response to Kailey's § 2241 petition, the State contended Kailey had earned 1,709 days of earned time credit out of a possible 2,850 days that could have been earned. It then stated Kailey's "statutory discharge date" was February 27, 2013. (R. at 72.) In calculating this date, it accounted for the earned time credit Kailey had already been granted as well as the credit he was projected to earn. The district court noted this discrepancy, i.e., Colorado case law says earned time credit does not decrease the actual sentence imposed yet the Department of Corrections is using earned time credit to determine Kailey's "statutory discharge date." It resolved the discrepancy by noting the State had not defined the term "statutory discharge date" in its filings and concluded the date was a discretionary discharge date. We decline to resolve any discrepancy and are bound by Colorado case law on the issue. *See Parker v. Scott*, 394 F.3d 1302, 1319 (10th Cir. 2005) (stating we are bound by a state court's construction of its state's statutes).

[4] Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Frazier* because of its persuasive and reasoned analysis.

As no jurist of reason could reasonably debate the correctness of the district court's decision, we **DENY** the request for a COA and **DISMISS** this matter.  We **DENY** Kailey's request to proceed without prepayment of the filing fees.  Filing and docketing fees are due and payable to the Clerk of the District Court.[5]

        **Entered by the Court:**

        **Terrence L. O'Brien**
        United States Circuit Judge

---

[5] Dismissal of an appeal does not relieve a litigant of his obligation to pay the filing fee in full.  *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).