FILED
United States Court of Appeals
Tenth Circuit

August 7, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SCOTT P. HEDDINGS,

      Petitioner-Appellant,

v.

RENE GARCIA,

      Respondent-Appellee.

No. 11-1346

(D.C. No. 1:10-CV-01662-REB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

Scott P. Heddings, a federal prisoner proceeding pro se, appeals the denial

of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. His petition

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

challenged the computation of his federal sentence and the decision of the Bureau of Prisons (BOP) to deny him credit on his federal sentence for time served in state custody. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

In September 2005, Montana state officials arrested Heddings and charged him with incest. While the state case was pending, Heddings was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum and brought before the United States District Court for the District of Montana. Once there, Heddings pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and one count of destruction or removal of property to prevent seizure in violation of 18 U.S.C. § 2232(a). The federal court sentenced Heddings to a total of 240 months' incarceration. The judgment was silent regarding whether his federal sentence would run concurrently or consecutively with any potential sentence imposed on the pending state charges, which were yet to be adjudicated.

Heddings was returned to state custody following his federal sentencing. Heddings pleaded guilty to the state charges and was sentenced to twenty years of imprisonment, with sixteen of those years suspended. The state court also ordered that the state sentence run concurrently with the federal sentence. See ROA at 124. Heddings began serving the Montana state sentence in October 2007 in Montana state prison.

-2-

While still in state custody, Heddings petitioned the BOP for credit toward his federal sentence for time served in state custody. The BOP construed this as a request for a retroactive, or nunc pro tunc, designation of the state facility as the place of confinement for the federal sentence. The BOP reviewed Heddings's request pursuant to Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) and 18 U.S.C. § 3621(b). In accordance with its policy, the BOP sought guidance from the federal sentencing court to determine whether it was the federal court's intent that the state and federal sentences would run concurrently. The written response from the federal sentencing court was unequivocal: it was "absolutely opposed to Scott Heddings receiving credit toward his federal sentence for time spent in state custody as he has requested." Id. at 184. The court explained that the federal sentence "should not commence until he is remanded to federal custody for service of his federal sentence." Id. In a written "worksheet," the BOP also considered the nature and circumstances of the underlying offense and Heddings's history and characteristics. See id. at 185-86. Based on these factors, the BOP denied Heddings's request.

Heddings was paroled by the state on May 1, 2009, and immediately taken into federal custody to begin serving his twenty-year federal sentence.

In July 2010, Heddings brought this timely § 2241 action. First, he claimed that the BOP failed to "properly credit prior custody/time served." Id. at 5. Second, he claimed that the BOP violated his right to due process by failing to

-3-

"effectuat[e] the plea agreement between [Heddings] and the State of Montana."
Id. Finally, he claimed the BOP violated the Separation of Powers doctrine by
"illegally resentencing" him. Id. at 6. As relief, he requested that his federal
sentence be credited 1,279 days, which was "the period of incarceration in pre-
sentence confinement on related charges, as well as time spent erroneously in the
State of Montana Prison system." Id. at 7.

The district court denied relief. It explained that when Heddings began
serving his federal sentence on May 1, 2009, "the prior custody time in question
had been credited to his state sentence and, as a result, could not be credited to
his federal sentence." Id. at 214. The court also reasoned that Heddings was not
entitled to the benefit of a concurrent sentence based on his state court plea
agreement because "that agreement does not control the operation of his federal
sentence." Id. at 215.

After the district court entered its final judgment on July 12, 2011,
Heddings filed this timely appeal following the district court's denial of a motion
to alter or amend. He also filed a motion for leave to proceed in forma pauperis
on appeal, which the district court denied. Along with this appeal, Heddings
again seeks leave to proceed in forma pauperis before this court.

**II**

On appeal, Heddings argues that the BOP abused its discretion in denying
his request for credit on his federal sentence for time served in state custody. He

also contends the BOP abused its discretion by failing to "effectuate the plea agreement with the State of Montana," which created "a legitimate expectancy of a concurrent sentence." Aplt. Br. at 3.

In reviewing a district court's denial of a § 2241 petition, "we review legal issues de novo, and factual findings for clear error." United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008) (citation omitted). Because Heddings is proceeding pro se, we construe his pleadings liberally. See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

As the Supreme Court recently stated, federal district courts have the discretion to order that a federal sentence run concurrently or consecutively to an anticipated state sentence, even when the state charges remain unadjudicated. See Setser v. United States, 132 S. Ct. 1463, 1468 (2012) (adopting the view of "a large majority of the federal appellate courts," including this one, that a sentencing court has authority to select whether a sentence will run concurrently or consecutively with a state sentence that has not yet been imposed); see also Anderson v. United States, 405 F.2d 492, 493 (10th Cir. 1969) (per curiam) (rejecting the argument that "'no court has the authority to impose a sentence consecutive to something that does not exist'"). But when a federal sentencing court is silent on the matter, there is a statutory presumption that multiple sentences imposed at different times—even as between sentences imposed by state and federal courts—will run consecutively. See 18 U.S.C. § 3584(a) (stating

that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"); see also Eccleston, 521 F.3d at 1254. In turn, the United States Attorney General, acting through the BOP, has "exclusive authority to determine when a federal sentence shall begin and where the federal sentence shall be served." Weekes v. Fleming, 301 F.3d 1175, 1179 (10th Cir. 2002); see also 18 U.S.C. § 3621(b). But this "conferral of authority on the Bureau of Prisons . . . does not [include] authority to choose between concurrent and consecutive sentences." Setser, 132 S. Ct. at 1470 (explaining that "§ 3621(b) cannot be read to give the Bureau of Prisons exclusive authority to make the sort of decision committed to the district court in § 3584(a)").

In this case, the federal sentencing court did not state in its judgment whether the sentence would run consecutively or concurrently with any subsequent state sentence. Seizing on the court's silence, Heddings petitioned the BOP for credit on his federal sentence for the entire period he would spend in state custody, which began in September 2005, when he was arrested by state officials.[1] In considering the request, the BOP applied the statutory rubric for

---

[1] As the district court stated, Heddings "does not challenge [the government's] assertion that the entire time from his arrest on September 12, 2005, until his federal sentence commenced on May 1, 2009, actually was credited to his Montana state sentence." And rightly so, because "Congress made clear in enacting § 3585(b) that a defendant could not receive a double credit for

(continued...)

-6-

determining the place of imprisonment, which provides:

> The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

In applying these factors, the BOP seemingly relied on the distinct nature of Heddings's state and federal offenses, which were based on different predicate conduct. It more explicitly relied on the presumption of consecutive sentences for multiple terms of imprisonment imposed at different times in 18 U.S.C. § 3584(a).

---

[1](...continued)
his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see also 18 U.S.C. § 3585(b).

This was reinforced by the federal sentencing court's post-judgment statement that it was "absolutely opposed" to concurrent service of Heddings's federal and state sentences. See ROA at 133, 184. Given these facts, the BOP did not abuse its discretion in denying Heddings's request.

Heddings also argues that the terms of the state sentencing order required his state and federal sentences to be served concurrently. But a state court cannot dictate how or where a federal sentence will be served, nor can a state plea agreement control the federal government's prerogative as a separate sovereign to determine whether a sentence should run concurrently or consecutively. See Eccleston, 521 F.3d at 1254 ("Although Mr. Eccleston's state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence."); Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991) (holding that the determination of whether a defendant's "federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction").

Finally, Heddings argues that the BOP abused its discretion by failing to "look at the intentions of the State court as well as the federal court." Aplt. Br. at 6. Notwithstanding any comity concerns, no law requires the BOP to do so. The authority of the BOP to determine where a federal defendant will serve his or her sentence is manifest in the statutory language of 18 U.S.C. § 3621(b), which sets

forth the BOP's authority to designate the place of imprisonment.  Further, a plea agreement in state court—to which the federal government is not a party—may not determine when a federal sentence begins.

## III

The BOP properly exercised its discretion to deny Heddings's request. There is a statutory presumption that sentences imposed at different times will run consecutively.  Moreover, the federal sentencing court clearly intended the sentences to run consecutively.

We AFFIRM the judgment of the district court and GRANT the motion for leave to proceed in forma pauperis on appeal.

Entered for the Court

Mary Beck Briscoe
Chief Judge