FILED
United States Court of Appeals
Tenth Circuit

April 24, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD ALLEN NEWMAN,

   Petitioner – Appellant,

v.

T.K. COZZA-RHODES,

   Respondent-Appellee.

No. 12-1326
(D.C. No. 1:11-CV-03262-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

The sole issue in this habeas appeal is whether Richard Allen Newman's federal

sentence has been correctly computed by the Federal Bureau of Prisons (BOP). It has.

On December 26, 2006, Newman's home was searched and he was arrested by

both the State of Colorado and the federal government. He was taken into custody by the

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

State and charged in both federal and state court. On April 19, 2007, he was transferred from state custody to federal custody pursuant to a writ of habeas corpus *ad prosequendum*. On October 11, 2007, while still in temporary federal custody, the State released Newman on a personal recognizance (PR) bond. On November 27, 2007, after a guilty plea, Newman was sentenced in federal court to 120 months imprisonment.[1] The federal judgment and sentence were silent as to whether the sentence would run concurrent with or consecutive to any future state court sentence.

On December 10, 2007, Newman was returned to state custody pursuant to a writ of habeas corpus *ad prosequendum*. On January 9, 2008, Newman pled guilty in state court and was sentenced to 6 years imprisonment, to run concurrent with his federal sentence.[2] He was credited with 285 days of pre-trial confinement, from December 26, 2006, until his release on PR bond on October 11, 2007. After his state court sentencing, he remained in state custody until August 10, 2010, when he was released on parole. He was then taken into federal custody to begin serving his federal sentence. The BOP awarded him 94 days of credit.[3]

---

[1] In federal court Newman pled guilty to two counts of burglary of a United States post office, two counts of interstate transportation of stolen motor vehicles, one count of interstate transportation of stolen property, and one count of possession with intent to distribute 5 grams or more of methamphetamine.

[2] He pled guilty in state court to theft, burglary, criminal mischief and felon in possession of a weapon.

[3] Newman was sentenced in state court on January 9, 2008. Thus, from his arrest on December 26, 2006, until his state court sentence was imposed, 379 days passed. The state sentencing judge awarded him 285 days of pre-sentence credit; the BOP credited his federal sentence with the remaining 94 days.

Newman claims he is entitled to credit against his federal sentence for the entire time he spent in state custody from his arrest on December 26, 2006, until his release on parole on August 10, 2010. According to him, the federal government had primary custody over him from the date of his arrest because the search of his home was pursuant to a federal warrant and federal agents were the first to arrest him. And, because the federal government never relinquished its primary custody to the State, Newman claims his federal sentence commenced the day it was pronounced even though the U.S. Marshals Service erroneously returned him to state custody. His attempts to resolve the matter internally with the BOP[4] were unsuccessful leading him to file a pro se 28 U.S.C. § 2241 petition.[5] The district court denied relief.[6]

In reviewing a denial of a § 2241 petition, we review legal issues de novo and factual findings for clear error. *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008).

---

[4] The BOP construed Newman's administrative appeals as a request for a *nunc pro tunc* order designating the state prison as his place of confinement for his federal sentence. Considering the factors set forth in 18 U.S.C. § 3621, the BOP determined a *nunc pro tunc* designation would be inappropriate due to the offense conduct, Newman's criminal history and the federal sentencing judge's silence on the issue. Newman does not challenge the BOP's determination, claiming instead he never sought such *nunc pro tunc* designation. In any event, we see no abuse of discretion. *See Heddings v. Garcia*, 491 F. App'x 896, 900 (10th Cir. 2012) (unpublished).

[5] We liberally construe Newman's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[6] Because Newman is a federal prisoner, he need not obtain a certificate of appealability to appeal from the denial of his § 2241 petition. *See Hunnicutt v. Hawk*, 229 F.3d 997, 998 (10th Cir. 2000).

"The computation of a federal sentence requires consideration of two separate issues. Initially, we determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006).

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *see also Binford*, 436 F.3d. at 1255 ("A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose."). Thus, Newman's federal sentence commenced on August 10, 2010, when Newman was released from state parole and the federal marshals took him into custody to serve his federal sentence.

Given the statutory mandate, Newman's arguments concerning primary custody may be irrelevant. *See Comrie v. Wilner*, 380 F. App'x 783, 786 (10th Cir. 2010) (unpublished). In any event, the facts unequivocally show the State, not the federal government, was the first to take him into custody following his arrest. Therefore, the State "had primary custody of [him] and the right to maintain or relinquish control of [him]." *See Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002) ("The sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant. This rule of comity does not destroy the jurisdiction of the other sovereign over the defendant; it simply requires it to postpone its exercise of jurisdiction until the first sovereign is through with him or until the first

- 4 -

sovereign agrees to temporarily or permanently relinquish custody.") (citations omitted). Because the federal government took only temporary custody of him under a writ of habeas corpus *ad prosequendum*, Colorado "was entitled to [Newman's] return after his federal sentencing under the law of comity and the requirements of the writ." *Id.*; *see also Hernandez v. U.S. Attorney Gen.*, 689 F.2d 915, 918 (10th Cir. 1982) (temporary transfer of custody from state to federal government pursuant to a writ of habeas corpus *ad prosequendum* did not relinquish state's jurisdiction).[7]

Because his federal sentence did not begin to run until August 10, 2010, and he has received credit against either his state or federal sentence for all of the time he has spent in custody−from his arrest until this date−the only way Newman would be entitled to further credit against his federal sentence (and thus for habeas relief) is if his federal and state sentences had been ordered to run concurrently. *Frazier v. Jackson*, 385 F.

---

[7] We recognize Newman was released by the State on PR bond while in temporary federal custody and there is some authority that release on bond relinquishes primary custody and allows another sovereign to exercise primary custody over the defendant. *See, e.g., United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (federal government lost primary jurisdiction over Cole when it released him on PR bond and State of Arkansas obtained primary jurisdiction over him when it arrested him on state charges while he was on bond); *Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998) (same). However, in each of those cases, after the federal government released the defendant on bond, another sovereign arrested him, thereby gaining primary jurisdiction over him. *Cole*, 416 F.3d at 897; *Taylor*, 164 F.3d at 443. Here, the federal government did not arrest Newman while on PR bond or take him into permanent custody. Moreover, the federal government treated its custody of Newman as temporary, returning him to state custody after his federal sentencing. This is also not a case where Newman was erroneously sent to federal prison, then to state prison after the mistake was recognized and then returned to federal prison, thereby violating the requirement that federal sentences be served continuously. *See Binford*, 436 F.3d at 1253-56; *Weekes*, 301 F.3d at 1177-78, 1180-81.

App'x 808, 810-11 (10th Cir. 2010) (unpublished) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier release from confinement.") (quotation marks omitted).[8] That is because he is not entitled to double credit. *See* 18 U.S.C. § 3585(b) (a defendant is to be given credit toward his sentence for any time he has spent incarcerated prior to the commencement of his sentence so long as, *inter alia*, that time "has not been credited against another sentence"); *see also United States v. Wilson*, 503 U.S. 329, 337 (1992).

Federal sentencing courts have the discretion to order a federal sentence to run concurrent with or consecutive to an anticipated state sentence yet to be imposed.[9] *See Setser v. United States*, — U.S. —, 132 S. Ct. 1463, 1468 (2012); *see also Binford*, 436 F.3d at 1254; *Anderson v. United States*, 405 F.2d 492, 493 (10th Cir. 1969) (rejecting argument that "no court has the authority to impose a sentence consecutive to something that does not exist") (quotation marks omitted). When a federal sentence is silent on the matter, a statutory presumption is triggered; multiple sentences imposed at different times—even as between state and federal sentences— run consecutively. 18 U.S.C. § 3584(a); *see also Eccleston*, 521 F.3d at 1254 (assuming § 3584(a) applies when one of

---

[8] Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Frazier* and the other unpublished opinions cited throughout this decision only because of their persuasive and reasoned analysis.

[9] That the state court ordered the state sentence to run concurrent with the federal sentence is of no moment. A state court cannot alter a federal sentence. *See Eccleston*, 521 F.3d at 1254; *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991) ("The determination by federal authorities that Bloomgren's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.").

the multiple sentences is a state sentence); *Heddings v. Garcia*, 491 F. App'x 896, 899 (10th Cir. 2012) (unpublished) (same). Here, despite knowledge of the pending state charges, the federal sentencing judge did not indicate whether the federal sentence would run concurrent with or consecutive to any subsequent state sentence.[10] Consecutive sentences are presumed in light of this silence; Newman has not rebutted the presumption.[11]

---

[10] It is apparent from pleadings in the federal case (Case No. 07-CR-54 DME) the federal judge was notified of the pending state charges. Indeed, the PSR contained information concerning the state charges.

[11] Section 3584(a) provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Newman contends § 3584(a) only applies when multiple terms of imprisonment are imposed at the same time or when the defendant is already subject to an undischarged term of imprisonment. Here, because he had not yet been sentenced in state court at the time the federal judge imposed sentence, he argues we cannot presume the federal judge's silence regarding the state court sentence means he intended the federal sentence to run consecutive to the state sentence. But we are concerned with the last sentence of the statute, which clearly states the presumption of consecutive sentence arises when "[m]ultiple terms of imprisonment [are] imposed at different times." Here, Newman's federal and state sentences were imposed at different times.

**AFFIRMED.** We **DENY** Newman's motion to proceed without prepayment of the filing fees. All filing and docketing fees are now due and payable to the Clerk of the District Court.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge