McKAY, Circuit Judge,
concurring:
I join in the court’s opinion with the exception of its unnecessary resolution of whether Mr. al-Marri was eligible for prior custody credit under 18 U.S.C. § 3585(b) for the period of time he was detained as an enemy combatant. As the majority notes, the sentencing court did not have authority to grant prior custody credit under § 3585(b). (Majority Op. at 1186-87.) The authority to do so is vested with the Attorney General, acting through the BOP. (Id.) To the extent Mr. al-Marri maintains he was improperly denied prior custody credit for his detention as an enemy combatant, the appropriate means by which to raise that argument is through a § 2241 petition challenging the BOP’s refusal to award such credit. See Heddings v. Garcia, 491 Fed.Appx. 896, 898 (10th Cir.2012) (arguing in a § 2241 petition “that the BOP failed to properly credit prior custody/time served” (internal quotation marks omitted)). Mr. al-Marri has not brought such a challenge—he argues only that a calculation of good credit time was required because his detention “meet[s] the requirements for prior custody credit under 18 U.S.C. § 3585(b).” (Appellant’s Opening Br. at 23.) Accordingly, the question of whether the BOP erred in refusing to award prior custody credit for Mr; al-Marri’s detention as an enemy combatant is not properly before us. Nor do we have reason to consider whether the sentencing court should have awarded such credit—something it unquestionably lacked authority to do. I therefore consider the majority’s discussion of this issue dicta. I would leave to another day, when resolution of this issue is fully and squarely required in a case before us, any consideration of the matter.
Without reaching the merits of Mr. al-Marri’s argument, I do note, however, that I see nothing in the language of 18 U.S.C. § 3585(b) that would foreclose the possibility that detention as an enemy combatant could, under the proper circumstances, qualify for prior custody credit.