**UNITED STATES COURT OF APPEALS**

**November 25, 2016**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

STEPHEN FOY,

        Defendant - Appellant.

No. 16-4100
(D.C. No. 1:07-CR-00057-DB-1)
D. Utah

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

        After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

        Appearing pro se, defendant-appellant Stephen Foy appeals from the district court's denial of the motion he filed pursuant to Rule 36 of the Federal

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rules of Criminal Procedure. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the district court's ruling.

On May 16, 2007, Foy was charged in a federal indictment with one count of producing child pornography, in violation of 18 U.S.C. § 2251(a). The same month, the state of Utah charged him with sexually abusing his two minor daughters.[1] On December 2, 2008, Foy was charged in a superseding information with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Foy pleaded guilty to that charge and entered into a written plea agreement with the government. The agreement expressly stated that the government intended to recommend a ten-year term of imprisonment and a lifetime term of supervised release. Although the government had previously informed the district court that the parties were seeking a "global resolution" of the federal and state charges, the plea agreement did not mention the state charges or contain any agreement as to whether the federal sentence would run consecutively or concurrently with any state sentence.

At the change-of-plea hearing, Foy acknowledged he had reviewed the written plea agreement with his attorney and that he understood it. Foy signed the plea agreement in the presence of the court and his attorney acknowledged it was the entire agreement between Foy and the government. During the hearing,

---

[1] The alleged victims in the federal offense were the same two minors.

the federal prosecutor informed the district court that state charges were still pending but the parties had "worked this out globally with both the state and our system." There was, however, no discussion as to whether Foy's federal sentence would run consecutively or concurrently with any state sentence.

Foy was sentenced on May 13, 2009. At the sentencing hearing, defense counsel informed the district court that there were "some other companion cases, not only in the federal system but in the state system also" and he was not the attorney of record in the state cases. He also informed the court that Foy had not opposed the government's recommended sentence of ten years' imprisonment as "part of a global settlement." During the sentencing hearing, neither party referred to concurrent or consecutive sentences as being part of their agreement, nor did any party ask the court to order the federal sentence run consecutively or concurrently with any anticipated state sentence. The district court imposed a ten-year term of incarceration to be followed by a life term of supervised release. The court did not indicate whether the federal sentence would run consecutively or concurrently with any state sentence.

Two years after Foy was sentenced, the government filed a motion requesting that the district court "clarify whether it intended Mr. Foy's sentence to receive federal credit for the time he has served under his state sentence." The district court did not rule on this motion. In 2015, Foy filed a pro se motion pursuant to Fed. R. Crim. P. 36 seeking clarification of the federal judgment or, in

the alternative, correction of his sentence. In the motion, Foy informed the district court he had been sentenced in the state case approximately one month after his federal sentencing. He also informed the court that the state judge had ordered the state sentence to run concurrently with the federal sentence. Foy was released from state incarceration into federal custody on May 3, 2012. Relying on Rule 36 of the Federal Rules of Criminal Procedure, Foy asked the district court to "correct" the "oversight" in his federal sentence and clarify that it should run concurrently with the state sentence. Foy also asked the court to issue an order crediting him with the time he served in state custody.

In response to Foy's motion, the district court issued an Amended Judgment, expressly stating that the federal sentence would run consecutively to the state sentence. The Amended Judgment, in effect, was a denial of Foy's motion. Foy filed this timely appeal.

This court has never specifically determined the standard of review applicable to Rule 36 motions. *See United States v. Gutierrez*, 401 F. App'x. 378, 380 (10th Cir. 2010) (unpublished disposition). We have previously applied either the abuse-of-discretion standard or reviewed the matter for clear error. *See id.* It is unnecessary to resolve the issue in this appeal because the district court did not commit reversible error under any standard of review.

Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms

are to run concurrently." For purposes of this statute, sentences imposed in separate federal and state proceedings are treated as being imposed at different times. *See United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008) (assuming § 3584(a) applies when one of the multiple sentences is a state sentence); *see also Newman v. Cozza-Rhodes*, 526 F. App'x 818, 822 (10th Cir. 2013) (unpublished disposition) (citing *Eccleston* for proposition that "[w]hen a federal sentence is silent on the matter, a statutory presumption is triggered; multiple sentences imposed at different times—even as between state and federal sentences—run consecutively"); *Heddings v. Garcia*, 491 F. App'x 896, 899 (10th Cir. 2012) (unpublished disposition) (same). Because the original judgment did not affirmatively order that Foy's federal and state sentences run concurrently, the federal sentence is consecutive to his state sentence under the terms of § 3584(a). It is irrelevant that the state sentence had not yet been imposed at the time Foy was sentenced by the district court. *United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995) (holding § 3584(a) does not prohibit "a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed"). Further, the record does not provide support for Foy's assertion there was a binding agreement that the federal sentence would run concurrently with his state sentence. Although the parties referenced a "global agreement," the terms of any such agreement are not discernable from the record. There is no language in the written plea agreement discussing whether the two

sentences should run concurrently or consecutively and there was no discussion of the issue at the change of plea hearing or the sentencing hearing. Accordingly, the request in Foy's Rule 36 motion that the district court "correct" his sentence to run concurrent to his state sentence, was actually a request that the court modify his sentence. A district court is authorized by Rule 36 only to correct, "[c]lerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The district court did not err by denying Foy's motion because it had no authority under Rule 36 to substantively modify a sentence. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).

Foy also argues that because his federal sentence should have been ordered to run concurrently with his state sentence, the district court should credit him with the time he served in state custody. This argument is essentially a repeat of Foy's assertion the district court erred by not ordering concurrent sentences. Because we have already concluded Foy's federal sentence was to run consecutive to his state sentence, this argument fails. Foy argues, however, that the federal court could not "change" the state court's judgment that the state sentence should run concurrent to the federal sentence. This argument also fails. Even when a "state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence." *Eccleston*, 521 F.3d at 1254. Thus, the state court's judgment does not affect our determination

-6-

that the sentence imposed by the district court was to run consecutive to Foy's state sentence and Foy is not entitled to the relief he seeks.

The district court's denial of Foy's Rule 36 motion is AFFIRMED.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge